# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

21-2045

In Re: Christine Marie Love, fdba Christine Marie Stuckl

Case No.: 19-20532

FILED
JUN 28 2021
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# Form 128 Complaint to Determine Dischargeability of Student Loan[1]

[*Caption: Official Form 416D*]

**Complaint to Determine Dischargeability of Student Loan**

    1. The Debtor filed this case under chapter 7 of the Bankruptcy Code on 5/7/2019. This Court thus has jurisdiction over this action under 28 U.S.C. § 1334. This proceeding is a core proceeding in which the Bankruptcy Court has authority to enter a final order or judgment.

    2. One of the unsecured debts owing by the Debtor and listed in Schedule E/F is a student loan owing to Defendant [Fedloan servicing].

    3. This loan was incurred to pay expenses at [Ashford University]

    4. Based on the Detor current income and expences the Detor cannot maintain minnmal living standard and repay loan. Detor is now devorced and a singal parent with two childern and is curretly on disibility.

    5. The Debtor current financial condition is likely to continue for significant portion of the period to repay based on the life changing circumstances.

    6. The Debtor has/have made good faith effort to repay his/her debt.

    7. The Debtor has/have filed for Bankruptcy for reasons other than just to discharge his or her student loans

WHEREFORE, the Debtor prays that this Court enter an Order declaring the student loan debt of the Debtor to be dischargeable in this bankruptcy case.

---

[1] Both debtors and creditors may seek determinations with respect to the dischargeability of debts, either during or after the bankruptcy (however, there are deadlines for certain creditor complaints; see Fed. R. Bankr. P. 4007(c); 11 U.S.C. § 523(c)). Such determinations must be sought by way of adversary proceedings. Fed. R. Bankr. P. 7001. For a discussion of complaints in adversary proceedings see notes to Form 104, Appx. G.10, *supra*.
    Debtors may want such determinations to settle an issue likely to be disputed later, or to obtain an explicit court order enjoining a creditor with whom difficulties are anticipated. For a discussion of dischargeability in general as well as the law relating to student loans, see Chapter 15, *supra*.

---

[2] If the student loan creditor is a governmental entity that may claim Eleventh Amendment immunity, it had previously been desirable to sue named individual officials rather than the entity itself. *See Ex Parte* Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908). This procedure is no longer necessary as the Supreme Court's decision in Tennessee Student Assistance Corp. v. Hood, 541 U.S. 440, 124 S. Ct. 1905, 158 L. Ed. 2d 764 (2004), now clearly establishes that the debtor may sue the state directly when seeking a dischargeability determination. *See* § 14.3.2.2, *supra*. However, naming the head of the relevant agency may still be useful for other purposes.

---

Date: 6/29/2021