3

PHILLIP A. TALBERT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California  93721
Telephone:  (559) 497-4000
Email: Jeffrey.lodge@usdoj.gov

Attorneys for the United States Department of Education

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ANGELO MARTEL LOVE and<br>CHRISTINE MARIE LOVE,<br><br>　　　　　　　　Debtor.<br>_____<br>CHRISTINE MARIE LOVE,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>FEDLOAN SERVICING et al.,<br><br>　　　　　　　　Defendants. | Case No. 19-20532-C-7<br>Chapter 7<br><br><br><br><br>Adv. Proceeding No. 21-02045-C<br><br>**UNITED STATES' RESPONSE<br>TO POST-TRIAL ORDER**<br><br>DC No.<br><br>Date:　January 25, 2023<br>Time:　1:30 P.M.<br>Place:　Dept. C, Ctrm. 35, 6th Floor<br>　　　　501 I Street, Sacramento CA<br>　　　　Hon. Christopher M. Klein |

　　　　This is the United States Department of Education's ("Education") response to the post-trial order dated November 18, 2022.  Dkt. 78.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　　On April 25, 2022, a trial was heard on the above captioned complaint to determine the dischargeability of $28,405.34 in student loans to the Plaintiff, Christine Marie Love, from Education under 11 U.S.C. § 523(a)(8).  The matter was taken under submission.

///

On May 20, 2022, Love submitted a "Borrower Defense" application to Education requesting an administrative discharge of her student loans. Essentially, she sought a discharge of her loans for Ashford University which was closed and in 2020 purchased by the University of Arizona, becoming the University of Arizona Global Campus. *See* https://www.uagc.edu/success/ashford-uagc (last visited 1.10.2023) Review of the Borrower Defense application for Ashford University was part of a class action lawsuit in the case of *Sweet v. Cardona* (formerly *Sweet v DeVos*), Case No. C 19-03674 WHA (ND Cal. Nov. 16, 2022) (initiated by the May 2015 collapse of Corinthian Colleges, Inc., a for-profit college with more than 100 campuses and over 70,000 students). The United States Secretary of Education reached a settlement with a class of student-loan borrowers to resolve concerns about the Department of Education's response to "borrower-defense" applications — requests by students to discharge their loans in light of alleged wrongful acts and omissions of the schools they attended. Pursuant to the settlement, Love's Borrower Defense application is currently being reviewed. Education believes that Love will qualify for such relief. Under the *Sweet v. Cardona* settlement, Love may be entitled to discharge of her remaining loan obligation as well as a refund of the $1,033.04 distribution made to Education by the Chapter 7 trustee's administration of the bankruptcy case. *See* 34 CFR 685.212(k).

On or about November 17, 2022, the United States Department of Justice, in cooperation with Education, announced a New Process for Student Loan Bankruptcy Discharge Cases. *See* https://www.justice.gov/civil/documents-and-forms-0#commercial. If it meets the guidelines, Education may stipulate to relief without additional litigation/discovery. *Id*. This created a new process of review to expedite Education's review of student loan discharge requests in bankruptcy cases. *Id*.

In response to the new process, the Court ordered Education to, "in light of the new guidelines, revisit the positions that it has taken in Adversary Proceeding No. 21-02045-C regarding the discharge of all or part of the student loan debt at issue on a theory of "undue hardship" and advise this court within sixty (60) days whether the United States continues to adhere to the positions it has taken in this litigation." Dkt. 78.

On December 19, 2022, Education advised Love of the New Process for Student Loan Bankruptcy Discharge Cases and asked her to complete the new application. She did so. Upon review

of the application under the new guidelines, Education has revisited the positions that it has taken in Adversary Proceeding No. 21-02045-C regarding the discharge of all or part of the student loan debt at issue on a theory of "undue hardship." Education no longer has an objection to the dischargeability of her student loans under 11 U.S.C. § 523(a)(8).

Education would prefer that the matter is held in abeyance until the Borrower Defense discharge is granted. This will provide additional benefits to Love. If granted a Borrower Defense discharge, Love is entitled to a refund of payments made on the affected loans as well as discharge of the remainder of her loans. *See* 34 CFR 685.212(k). In this case, Education is willing to refund Love the $1,033.04 distribution made to Education by the Chapter 7 trustee in this case, and it believes the trustee has agreed to Education making this refund to Love. Additionally, new Education provisions will no longer count Pell Grants received for the same period of attendance at school, as loans receiving Borrower Defense discharge for purposes of Pell Grant limits, restoring eligibility if Love chooses to return to school. However, if her loans are discharged through bankruptcy, she has no debt eligible for relief under the *Sweet v. Cardona* class action settlement and will not receive these benefits.

## CONCLUSION

On this basis, Education would stipulate to the dischargeability of Love's student loan debt pursuant to 11 U.S.C. § 523(a)(8) but would prefer that the Court hold the matter in abeyance until the decision on the Borrower Defense application is finalized.[1]

Respectfully submitted,

Dated: January 10, 2023

PHILLIP A. TALBERT
United States Attorney

By:   /s/Jeffrey J. Lodge
JEFFREY J. LODGE
Assistant U.S. Attorney
Attorneys for the United States

---

[1] The undersigned will be out of the country from January 11 to January 28, 2023, and unavailable for the hearing set on this matter. Although another attorney will be present for the hearing, if the Court has substantial questions for Education, the United States requests that the hearing be continued for approximately one week to allow the undersigned counsel to be present.